1 | Ray K. Shahani, Esq. SBN 160,814
  | Attorney at Law
2 | Twin Oaks Office Plaza
  | 477 Ninth Avenue, Suite 112
3 | San Mateo, California 94402-1854
  | Telephone: (650) 348-1444
4 | Facsimile: (650) 348-8655

5 | Attorney for Plaintiff
  | KIRK G. ESSLER, an individual and
6 | dba THEJOYRIDER.COM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK G. ESSLER, an individual and dba THEJOYRIDER.COM,<br><br>    Plaintiff,<br><br>    vs.<br><br>JIM SUPPORT ENTERPRISES, a California partnership, ANDRE GENEVOY, an individual and ROBERT L. CODEKAS, an indivdual,<br><br>    Defendants. | Case No:<br><br>COMPLAINT FOR PATENT, TRADEMARK, COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION<br><br>[15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331, 1338, 1367, 1498]<br><br>[JURY TRIAL DEMANDED] |

**First Claim**

1. Plaintiff KIRK G. ESSLER, an Individual and dba THEJOYRIDER.COM ("ESSLER.") for its claims against defendants JIM SUPPORT ENTERPRISES, a California partnership ("JSE"), ANDRE GENEVOY, an individual ("GENEVOY") and ROBERT L. CODEKAS, an individual ("CODEKAS") allege the following:

**Jurisdiction and Venue**

2. This Court has subject matter jurisdiction over this Claim pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331, 1338, 1367, 1498 because this is an action which involves claims arising under the patent and copyright laws, the Lanham Act, as well as related state claims for unfair competition, deceptive trade practices and trademark dilution.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and 1400 in that defendants, and each of therm, are subject to personal jurisdiction in this district and this is the district in which acts of patent infringement, copyright infringement, trademark infringement and unfair competition were committed.

**The Parties**

4. ESSLER is an individual who resides in Richmond, California and dba THEJOYRIDER.COM with its principal place of business in San Francisco, California.

5. Upon information and belief, defendant JSE is a California partnership with its principal place of business at 800 Vella Road, Bldg. H in Palm Springs, California.

6. Upon information and belief, Defendant GENEVOY resides in Palm Springs and is a general partner in JSE in Palm Springs, California.

7. Upon information and belief, Defendant CODEKAS resides in Palm Springs and is a general partner in JSE in Palm Springs, California.

**The Facts**

8. In or about 1997, ESSLER introduced The JoyRider and The LowRider, a seat for adult entertainment, to the public at the Folsom Street Fair in San Francisco.

9. After an extensive advertising and promotional campaign, ESSLER launched its website located at the url internet domain address WWW.THEJOYRIDER.COM during about

1  1998.

2  10.     ESSLER filed its own Application for Trademark Registration No. 103976 and
3  registered on or about June 30, 1998 with The State of California alleging September 28, 1997 as
4  both dates of first use of the mark THE JOYRIDER ever and in the State of California. **Exhibit**
5  **1**.

6  11.     ESSLER filed its own Application for Trademark Registration No. 104016 and
7  registered on or about July 15, 1998 with The State of California alleging September 28, 1997 as
8  both dates of first use of the mark THE LOWRIDER ever and in the State of California. **Exhibit**
9  **2**.

10  12.     On or about September 26, 1997 ESSLER filed its own Application for Patent
11  Serial No. 08/938,332 titled "Rim Chair" which issued Feb. 29, 2000 as U.S. Patent No.
12  6,030,039. **Exhibit 3.**

13  **<u>FIRST CAUSE OF ACTION</u>**
14  **(Patent Infringement)**

15  13.     ESSLER repeats and realleges Paragraphs 1 through 12 above, and incorporates
16  them herein by reference as if set forth in full.

17  14.     On February 29, 2000, United States Patent No. 6,030,039, was duly and legally
18  issued to inventor and Plaintiff, ESSLER. A true and correct copy of the patent is attached hereto
19  as **Exhibit 4** and incorporated herein by reference. Said patent was issued for a device as more
20  extensively and precisely described in the attached patent.

21  15.     Plaintiff thereafter and at all times relevant hereto has been the exclusive owner
22  of said patent.

23  16.     Defendants, and each of them, have been and still is infringing this patent (1) by
24  introducing, demonstrating, using, making, marketing, and selling a device which embodies the
25  patented invention and (2) by actively inducing others to infringe said patent, all to plaintiff's
26  monetary damage in excess of $1,000,000.00. Defendants, and each of them, will continue to so
27  infringe unless enjoined by this court.

28

17. Plaintiff has placed the required statutory notice on all of its products which it has made, marketed, sold and used under said patent and has given written notice to defendants, and each of them, of their said infringement.

18. The infringement by defendants, and each of them, were willful, intentional and with conscious and knowing disregard of plaintiff's patent rights such that plaintiff's is entitled to its reasonable attorney fees in pursuing this action and to treble damages.

## SECOND CAUSE OF ACTION

**(Trademark Infringement)**

19. ESSLER repeats and realleges Paragraphs 1 through 18 above, and incorporates them herein by reference as if set forth in full.

20. The use of the mark JIM RIDER by the defendants collectively and individually in the manner alleged herein is likely to cause confusion among all of those potentially or actually utilizing the products of ESSLER.

21. As a result of the acts of the defendants collectively and individually, as alleged herein, the defendants have unlawfully misappropriated and infringed upon ESSLER's marks JOYRIDER and LOWRIDER in violation of the law of California and the laws of the other states wherein the products of ESSLER are or are potentially provided.

22. As a proximate result of the aforesaid trademark infringement by the defendants collectively and individually, ESSLER has been and continues to be, irreparably and substantially harmed and injured. If the aforesaid infringement is permitted to continue, further loss and damage and irreparable injury will be sustained by ESSLER and other will be encouraged or induced to infringe upon ESSLER's marks JOYRIDER and LOWRIDER, and the value of said trademarks will be destroyed, for which ESSLER cannot be adequately compensated at law.

23 The defendants collectively and individually have derived unlawful gains and profits from their infringement of said trademarks, and ESSLER has thereby been caused loss and damage. As a proximate result of the defendants' infringement of the marks JOYRIDER and LOWRIDER, ESSLER has suffered injury to its business, good will, mission, reputation and profits, all to its damage in a yet to be fully ascertained amount.

## THIRD CAUSE OF ACTION

### (Copyright Infringement)

24. ESSLER repeats and realleges Paragraphs 1 through 23 above, and incorporates them herein by reference as if set forth in full.

25. Plaintiff is the owner of copyrighted brochures, website and publicity information regarding his products.

26. Defendants have copied significant and substantial portions of plaintiff's copyrighted materials without authorization, permission, consent or approval of plaintiff.

27. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyright of the above-referenced work. Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyright in his respective work as referenced above.

28. Defendants' conduct violates the exclusive rights belonging to plaintiff as owner of the copyrights, including without limitation plaintiff's rights under 17 U.S.C. § 106.

29. On information and belief, plaintiff alleges that, as a direct and proximate result of their wrongful conduct, defendants have realized and continue to realize profits and other benefits rightfully belonging to plaintiff. Accordingly, plaintiff seeks an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

30. Defendants' infringing conduct has also caused and is causing substantial and irreparable injury and damage to plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the plaintiff with no adequate remedy at law.

31. On information and belief, defendants have willfully engaged in, and are willfully and intentionally engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of plaintiffs. Plaintiffs are, therefore, entitled to the maximum statutory damages allowable and attorneys fees.

32. As a consequence of this dispute between the parties as to the rights, title, and interest in the copyrighted materials described above, and pursuant to the Federal Declaratory

1  Judgment Act, 28 U.S.C. §§ 2201 and 2202, plaintiffs also seek a resolution of this ongoing

2  controversy by a declaration of this Court as to the rights of the respective parties in this matter.

3  **FOURTH CAUSE OF ACTION**

4  **(Unfair Competition )**

5      33.    ESSLER repeats and realleges Paragraphs 1 through 32 above, and incorporates

6  them herein by reference as if set forth in full.

7      34.    The defendants, and each of them, conduct alleged above constitutes unlawful,

8  unfair or fraudulent business practices in violation of California Business & professions Code §§

9  17200 et seq.

10      35.    The Defendants, and each of them, have continuously engaged in unfair trade

11  practices and unfair competition against plaintiff to plaintiff's irreparable damage.

12  **PRAYER**

13  Wherefore plaintiff demands judgment as follows:

14      1.    The defendants, and each of them, be preliminarily and permanently enjoined

15  against infringement of said patent pursuant to 35 U.S.C. § 283.

16      2.    The defendants, and each of them, be preliminarily and permanently enjoined

17  against infringement of said trademarks.

18      3.    The defendants, and each of them, be preliminarily and permanently enjoined

19  against infringement of said copyrights.

20      4.    The defendants, and each of them, render an accounting for all profits from sales

21  of products which defendants, and each of them, received by infringing said patent.

22      5.    Ordering an injunction permanently enjoining each of the defendants

23  collectively and individually, their agents, directors, officers, servants, owners, shareholders and

24  employees, and all those in privity with the plaintiff and the named defendants from using the

25  trademarks JOYRIDER and LOWRIDER or any variant thereof such as JIM RIDER in any

26  manner, directly or indirectly, and from marketing, advertising, labeling, promoting, exploiting,

27  for audiology services or similar or related goods or services, in connection with the trademarks

28  JOYRIDER and LOWRIDER or any variant thereof, and from representing or attempting to pass

1  off defendants' goods and services as those of ESSLER and from engaging in unfair competition
2  against ESSLER and from using the identity of ESSLER in connection with the sale or other
3  priding of goods or services;
4      6.   Ordering an accounting of the gains and profits realized by the defendants
5  collectively and individually from the aforementioned wrongful acts;
6      7.   Requiring the defendants collectively and individually to cause to be destroyed
7  any material in their possession bearing a reproduction or colorable imitation of the trademarks
8  JOYRIDER and LOWRIDER or any variant thereof such as JIM RIDER, or any reference to
9  ESSLER or the JOYRIDER, including without limitation: signs, brochures, packages, wrappers,
10 advertisements, flyers, testimonials, labels, invoices, fax cover sheets, computer files, electronic
11 data, computers and computer servers, digital storage media, and any other printed material;
12     8.   Awarding ESSLER punitive damages from the defendants collectively and
13 individually to punish defendants for their willful and reckless indifference to the rights of other
14 exemplified by their willful appropriation of plaintiff's trademarks JOYRIDER and LOWRIDER
15 or any variant thereof and for the unfair competition practiced by defendants against plaintiff;
16     9.   Ordering defendants, under 15 U.S.C. § 1116, to file with the Court and serve
17 on plaintiff and its attorney(s) of record a report in writing under oath setting forth in detail the
18 manner and form in which defendants collectively and individually have complied with the terms
19 of the judgment, and injunction; and
20     10.  For damages sufficient to compensate plaintiff pursuant to 35 U.S.C. § 284,
21 but in excess of $1,000,000.00.
22     11.  For treble damages and for an award of special damages.
23     12.  For costs and reasonable attorney fees of the subject litigation and interest as
24 allowable by law, including but not limited to pursuant to 17 U.S.C. § 505.
25     13.  For such other and further relief as the court may deem just and proper.
26 ///
27
28

1                                                        Respectfully submitted,

2                                                        RAY K. SHAHANI
                                                       ATTORNEY AT LAW

3

4     <u>Dated: January 4, 2005</u>          By:   _____
                                                                                Ray K. Shahani, Esq.

5                                                      **Attorney for Plaintiff ESSLER**

6                                       **<u>DEMAND FOR JURY TRIAL</u>**

7     Plaintiff KIRK G. ESSLER hereby demands a jury trial pursuant to Federal Rules f Civil

8 Procedure 38.

9     <u>Dated: January 4, 2005</u>          By:   _____
                                                                      Ray K. Shahani, Esq.

10                                                    **Attorney for Plaintiff ESSLER**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28